UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ADMIRAL INSURANCE COMPANY,

    Plaintiff,

v.                                                                                            CASE NO.

PLAY SPORTS BAR, LLC, a Florida Limit
Liability Company; and EDDIE BRYANT,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

ADMIRAL INSURANCE COMPANY ("Admiral") files suit against PLAY SPORTS, LLC ("Play Sports Bar") and EDDIE BRYANT ("Bryant"), and alleges:

### NATURE OF ACTION

1.    This is an action for declaratory relief under 28 U.S.C. § 2201. At issue is whether there is coverage for an Assault and Battery under an insurance policy that includes an Assault or Battery Exclusions (Absolute).

### JURISDICTION AND VENUE

2.    Jurisdiction exists under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

3.    Venue is proper in this district because a "substantial part of the events … giving rise to this action occurred" in this district. 28 U.S.C. § 1391(b)(2). More specifically, the Admiral insurance policy to Play Sports Bar was issued, delivered, and

incepted in this district. Further, the events of the underlying lawsuit occurred in Leon County, Florida.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. Admiral is a Delaware corporation with its principal place of business in Scottsdale, Arizona. Admiral issued a general liability policy and an excess policy to "Play Sports Bar LLC," as the named insured.

6. Play Sports Bar was and is a Florida limited liability company, authorized to conduct business in Leon County, Florida. Play Sports Bar is located at 2020 West Pensacola Street, in Tallahassee, Florida 32304 and upon information and belief all of its members are citizens of Florida. Admiral has no information that any of its members are citizens of either Arizona or Delaware.

7. Bryant was assaulted and battered at Play Sports Bar. Bryant is a resident of Leon County, Florida.

## THE UNDERLYING LAWSUIT OVER THE ASSAULT AND BATTERY OF EDDIE BRYANT

8. Bryant filed a lawsuit against Play Sports Bar in the Circuit Court of the Second Judicial Circuit in Leon County, Florida. A copy of the complaint is attached as Exhibit "A."

9. According to the complaint, on 02/03/2019, Bryant was an independent contractor working for Play Sports Bar providing security services. (Compl., ¶5.)

10. He was involved in an altercation. (¶¶6-7.)

11. Bryant attempted to diffuse an argument between two individuals in the men's restroom. (¶8.)

12. He was "chased and physically assaulted the group of multiple unknown men." (¶9.)

13. According to the complaint, "[n]one of the other security personnel made a reasonable effort to intervene in the assault." (¶12.)

### ADMIRAL'S POLICIES INCLUDE AN ABSOLUTE ASSAULT OR BATTERY EXCLUSION

14. Admiral issued a new, general liability policy to "Play Sports Bar LLC," as the named insured, bearing Policy No. CA000031662-01, and effective from 08/11/2018 until 08/11/2019 ("Admiral Primary Policy"). A copy of the Admiral Primary Policy is attached as Exhibit "B."

15. Pertinent here is the Admiral Primary Policy's total Assault and Battery endorsement, Form AD 69 31 04 15, which provides:

## ASSAULT OR BATTERY EXCLUSION (ABSOLUTE)

(CGL AND LIQUOR LIABILITY COVERAGE FORMS)

**A.** This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury", or "injury" or damages of any kind, including costs or expenses, arising out of, caused by or related to:

**1.** The actual, alleged or threatened assault or battery by anyone of any person while on or adjacent to the premises of any insured; or

**2.** The actual, alleged or threatened assault or battery by anyone of any person if in any way connected with the operations of any insured; or

**3.** The negligent employment, negligent investigation, negligent supervision, negligent reporting to the proper authorities or failure to so report, negligent retention or negligent hiring by any insured or any person or entity for whom any insured is or ever was legally responsible in claims alleging actual, alleged or threatened assault or battery by anyone of any person; or

**4.** The failure of any insured or any person or any entity for whom any insured is or ever was legally responsible to prevent, suppress, mitigate or respond to actual, alleged or threatened assault or battery by anyone of any person; or

**5.** The failure of any insured or any person or any entity for whom any insured is or ever was legally responsible to provide an environment safe from assault or battery, or to warn of the dangers of the environment which could lead to or contribute to assault or battery; or

**6.** The assumption of the tort liability of another party by an insured in any contract or agreement, including an "insured contract", if the claim arises out of Paragraphs 1 through 5 above.

**B.** When this endorsement applies, Exclusion **a. Expected or Intended Injury** of Paragraph **2 Exclusions** is deleted in its entirety.

**C.** When this endorsement applies, the following enumerated offenses of the definition of "personal and advertising injury" are deleted:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**D.** We shall have no duty to investigate, defend or indemnify any insured, indemnitee or another party against any loss, claim, "suit" or other proceeding alleging "bodily injury", "property damage", "personal and advertising injury" or "injury" or damages of any kind to which this insurance applies.

16. Admiral also issued a new, excess policy to Play Sports Bar, bearing Policy No. GX000001544-01, effective from 08/11/2018 until 08/11/2019 ("Admiral Excess Policy"). A copy of the Admiral Excess Policy is attached as Exhibit "C."

17. The Admiral Excess Policy's main policy form is EX 46 41 04 16. It provides in relevant part:

**SECTION I – EXCESS LIABILITY COVERAGE**

**1.   Insuring Agreement …**

    **e.**   The insurance provided under this policy will follow the same provisions, exclusions and limitation that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this policy will apply. However, the coverage provided under this policy will not be broader than that provided by the applicable "controlling underlying insurance"….

**THERE IS NO COVERAGE FOR BRYANT'S LAWSUIT UNDER THE ABSOLUTE ASSAULT AND BATTERY EXCLUSION**

18. Admiral incorporate paragraphs 1 through 17.

19. Under the Admiral Primary Policy, there is no coverage for bodily injury "arising out of" or "related to" any assault or battery.

20. Since there is no coverage under the Admiral Primary Policy, there is also no coverage under the Admiral Excess Policy because it follows form to the Admiral Primary Policy.

21. Admiral accordingly has no duty to defend or indemnify Play Sports Bar in the lawsuit by Bryant.

## REQUESTED RELIEF

**WHEREFORE**, Admiral respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Admiral policies;

b. Declare that there is no coverage available for Play Sports Bar, LLC in the underlying lawsuit; and

c. Award Admiral all costs it incurred to prosecute this action, as well as any other relief that this Court deems equitable, just, and proper.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**EFTIHIOS EVAN G. ANDRONIS**
Florida Bar No. 112357
Eftihios.Andronis@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646